UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL ANDREW MARTINEZ,<br><br>    Plaintiff,<br><br>v.<br><br>SAGE ALBRIGHT, BRANDON ANDERSON, and the CITY OF IDAHO FALLS,<br><br>    Defendants. | Case No. 4:23-cv-00211-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court are various motions. Plaintiff Michael Martinez has filed a Motion for Partial Summary Judgment. Dkt. 9. Defendants Sage Albright, Brandon Anderson, and the City of Idaho Falls (collectively "Defendants") have also filed a Motion for Summary Judgment. Dkt. 12. Martinez then filed a Motion to Deny or Defer Defendants' Motion for Summary Judgment under Federal Rule of Civil Procedure 56 ("Motion to Defer"). Dkt. 16.

Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds the decisional process would not be significantly aided by oral argument, the Court will address the motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). For the reasons outlined below, the Court will GRANT Martinez's Motion to Defer and DENY without Prejudice both Motions for Summary Judgment.

MEMORANDUM DECISION AND ORDER - 1

## II. BACKGROUND

### A. Factual Background

On September 25, 2021, Martinez was at home in Idaho Falls with his wife, Marcy Ker ("Ker") when she called the police to report a domestic disturbance. Ker told the 911 operator that Martinez was yelling, breaking things, and threatening her. When asked if Martinez had any weapons, Ker indicated that he always had weapons and that seven guns were located in the house.

Defendant Albright was the first to arrive on scene. When he arrived, Ker exited the home while Martinez stood in the doorway. Albright engaged Martinez in conversation. Martinez loudly (and profanely) explained that Ker had taken the keys to his vehicles and his business and when he got them back, he would leave. Defendant Anderson arrived and engaged with Martinez as well in an effort to deescalate the situation. Martinez reiterated that he needed his keys and if he did not get them back quickly, things would worsen.

Martinez then retreated into the home. Albright and Anderson followed despite Martinez shouting that officers were not welcome. Ultimately, Albright and Anderson tased and arrested Martinez. Martinez was treated for his injuries at the scene and later by other medical professionals. Martinez was charged with misdemeanor resisting/obstructing but the charges were later dismissed.

### B. Procedural Background

On April 29, 2023, Martinez filed a Motion to Waive Bond. Dkt. 1. The Court granted the motion in part by requiring a nominal bond in the amount of $500. Dkt. 2. The Court received Martinez's bond on May 15, 2023, and on May 17, 2023, Martinez filed his

Complaint. Dkt. 4. Martinez does not clearly identify his causes of action.[1] As best the Court can surmise, Martinez's claims consist of: (1) unlawful search and seizure and excessive force under the Fourth and Fourteenth Amendments (Dkt. 1, ¶ 15, 16); (2) unlawful prosecution and retaliation in violation of the First Amendment (*Id.* at ¶ 18); (3) a right to bear arms under the Second Amendment (*Id.*); (4) state law negligence and trespass claims (*Id.* at ¶ 17): and (5) respondent superior liability under *Monell*[2] against the City of Idaho Falls (*Id.* at ¶ 22–24).

About five weeks after filing his Complaint, Martinez filed a Motion for Partial Summary Judgment. Dkt. 9. Therein Martinez contends there is no dispute that Defendants violated his Fourth Amendment right to be free from a warrantless arrest, that they arrested him using excessive force, and that they are not entitled to qualified immunity. *See generally* Dkt. 9. On this basis, Martinez asks that the Court grant him summary judgment on his Fourth Amendment claims. *Id.* Defendants oppose the Motion. Dkt. 11. In their response, Defendants argue they did not use excessive force and that there were exceptions to the warrant requirement justifying their actions. *See generally id.* Ten days after filing that response, Defendants filed a Motion for Summary Judgment of their own. Dkt. 12. In this Motion, they seek "dismissal," of all Martinez's claims. *See generally id.* Defendants' motion is based, in large part, on the same arguments it supplied in response to Martinez's Motion for Partial Summary Judgment; with the addition of argument on the other claims

---

[1] While numbered causes of action are not, per se, required, it is standard practice to number (or somehow identify) each cause of action. The Court encourages such a practice for clarity and organizational purposes.

[2] *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978).

MEMORANDUM DECISION AND ORDER - 3

not addressed in their prior pleading.

Martinez then filed his Motion to Defer under Federal Rule of Civil Procedure 56, claiming he needs discovery to properly respond to Defendants' Motion for Summary Judgment. Dkt. 16. Defendants oppose the Motion to Defer. Dkt. 19.

### III. LEGAL STANDARD

When a party opposing a motion for summary judgment cannot present facts essential to justify their opposition to the motion, Rule 56(d) permits the party to submit an affidavit or declaration stating the reasons she is unable to present the evidence. The court may continue or deny the motion if the opposing party needs to discover essential facts. The burden is on the party seeking additional discovery pursuant to Rule 56(d) to demonstrate: (1) the information sought would prevent summary judgment, and (2) that the information sought exists. *Blough v. Holland Realty, Inc.*, 574 F.3d 1084, 1091 n.5 (9th Cir. 2009);[3] *Maple v Rainbow's End Recovery Ctr.*, 2018 WL 443440 (D. Idaho Jan. 16, 2018)

A party requesting a Rule 56(d) continuance "must identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment." *Tatum v. City & Cnty. of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006).

---

[3] Subdivision (d) was previously numbered as subdivision (f) prior to the 2009 amendments to the Federal Rules of Civil Procedure. While *Blough* makes reference to Rule 56(f), Rule 56(d) carries forward without substantial change the provisions of former subdivision (f). *See Notes of Advisory Committee on 2010 Amendments*.

MEMORANDUM DECISION AND ORDER - 4

# IV. ANALYSIS

The Court begins with some procedural commentary that ties into the various motions and how that affects the Court's ultimate resolution of the matters today.

First, Martinez's initial motion.

Martinez styled his motion as a Motion for Partial Summary Judgment alleging that there is no dispute his Fourth Amendment rights were violated. But this is clearly not the case. Defendants dispute (or at least interpret differently) Martinez's characterization of the facts as they currently exist.[4] And despite his qualms with the defense of qualified immunity in a legal or esoteric sense (Dkt. 9-1, at 4–5), qualified immunity is more nuanced than Martinez suggests.

Yes, qualified immunity is a question of law to be determined by the court in the absence of genuine issues of material fact, *Green v. City & Cnty. of San Francisco*, 751 F.3d 1039, 1052 (9th Cir. 2014), and, in fact, is often decided at the motion to dismiss stage. But here, there *are* disputed questions of fact even at this early stage. And Martinez admits as much; albeit as part of his Motion to Defer. For example, Defendants proffer that Martinez took an "aggressive bladed attack stance" after he retreated into his home. Dkt. 9-3, at 9. This was, in part, why Defendants engaged in the level of force they did. *Id.* Martinez alleges he needs to investigate what "bladed attack stance" means to respond to Defendants arguments because he feels the body camera footage contradicts Defendants'

---

[4] Again, because discovery has not yet occurred, the Court is not implying there are "disputed material facts" present which would preclude summary judgment to either party on any issue. The Court is, however, noting that the parties disagree, and they have not had the opportunity to depose any of the relevant parties or engage in other discovery that would flesh these issues out so that they (and the Court) are better positioned to make informed arguments and decisions.

MEMORANDUM DECISION AND ORDER - 5

explanation. This is but one example; however, it illustrates the Court's point.

In order to decide whether qualified immunity is available to Defendants, the Court must determine whether Defendants violated Martinez's constitutional rights. Martinez clearly has a constitutional right to be free from unreasonable seizures under the Fourth Amendment. But that is the unanswered question in this case at this stage: was the seizure reasonable or were Martinez's rights violated? The Court will have to review the relevant parties' action and it cannot do so on the limited record before it.[5] In turn, because the Court cannot rule on that underlying threshold question at this time, it cannot rule on qualified immunity either.[6] Thus, Martinez's Motion for Partial Summary Judgment is premature.[7]

Next, Defendants' Motion.

Defendants styled their motion as a Motion for Summary Judgment. In their motion, however, they ask the court to "dismiss" all of Martinez's causes of action. Dkt. 12-1, at 1, 2, 6, 16, 18, 19, 20. But they support their arguments with factual assertions and

---

[5] For example, the Fourth Amendment's "reasonableness" standard requires "balancing the nature and quality of the intrusion on a person's liberty with the countervailing governmental interests at stake." *Davis v. City of Las Vegas*, 478 F.3d 1048, 1053–54 (9th Cir. 2007). First, the "quantum of force" must be assessed. Second, the governmental interests at stake must be analyzed in light of the following factors: (1) the severity of the crime for which the plaintiff was arrested; (2) whether the plaintiff posed a threat to the safety of the officers or others; (3) whether the plaintiff was actively resisting arrest or attempting to flee; and (4) the availability of alternative methods of subduing the plaintiff. *Id.* Without further discovery, it would be difficult for the Court to analyze these factors.

[6] Again, qualified immunity is a question of law for a judge, not a question of fact for a jury. If the Court determines there are disputed factual issues necessary to a qualified immunity decision, the facts "must first be determined by the jury before the court can rule on qualified immunity." *Morales v. Fry*, 873 F.3d 817, 824 (9th Cir. 2017).

[7] The Court also notes that Martinez's complaint that Defendants improperly filed a "lightning-quick summary judgment motion," (Dkt. 20, at 8) rings hollow because he did so himself. And earlier than Defendants.

MEMORANDUM DECISION AND ORDER - 6

interpretations. In essence then, the motion is a hybrid motion to dismiss and motion for summary judgment. But again, it is all based on a limited record. Their motion too, is premature.

To be fair to both parties, some information has already been exchanged in this case even though formal discovery has yet to begin.[8] Before filing his Complaint, Martinez obtained some video/audio records and police records/reports via a public information request. The Court can only assume this is why both parties submitted their motions as motions for summary judgment—because while the case was in its infancy, each party had, and used, information not contained in the complaint (which is not allowed at the motion to dismiss stage). Thus, the only viable option was to couch their arguments in summary judgment terms. But with so many unanswered questions, it is difficult for the Court to cull through the materials and determine whether there actual are any disputed facts.[9]

Martinez's claims—at their base—involve excessive force, unlawful arrest, and seizure. These types of questions are extremely fact driven.[10] In the criminal context, for example, the Court *almost always* holds an evidentiary hearing to obtain critical testimony

---

[8] Because it has taken the Court some time to adjudicate these motions based upon its heavy civil and criminal caseload, the Court is aware that further discovery has occurred *since* briefing on the present motions. That said, *at the time* of the filings, no formal discovery had taken place.

[9] Similarly, while the Court appreciates the sentiment by both parties that early intervention can save time and money in a case, it is—as outlined—readily apparent that further discovery is needed *for both parties* to develop their arguments.

[10] *See, e.g., Liston v. County of Riverside,* 120 F.3d 965, 976 n.10 (9th Cir. 1997) (finding that excessive force is "ordinarily a question of fact for the jury"). Again, the Court is not implying that any or all of the claims in this case must go to a jury. It routinely grants motions for summary judgment on these exact types of claims. *See, e.g., Harmon v. City of Pocatello,* 431 F. Supp. 3d 1135 (D. Idaho 2020), aff'd, 854 F. App'x 850 (9th Cir. 2021). But it does so with a full record before it.

MEMORANDUM DECISION AND ORDER - 7

and evidence in reaching its decision. So too here must the parties engage in discovery to provide a more complete picture for the Court.

Martinez seeks summary judgment on qualified immunity. Defendants seek summary judgment on "all claims." But they never addressed Martinez's First or Second Amendment claims. And Martinez did not respond to Defendants' arguments about his state law claims in his Motion to Defer. In sum, there are some holes in the briefing and the parties are simply too early here. After discovery, both sides will be in a better position to present their arguments in a more complete and organized fashion.[11]

The Court returns to the instant Motion to Defer.

Martinez has meet both requirements to obtain Rule 56(d) relief. First, as required, he has filed an affidavit that outlines what information he needs to respond to Defendants' Motion and why the information he has thus far is insufficient. Dkt. 16-1, at 3–5. Second, he has explained that the information exists and is likely within Defendants' custody or control. Thus, he has met his burden to defer ruling at this time and engage in discovery.

A word of caution to Martinez, however. The Court is not endorsing broad, unfettered discovery (the oft-titled "fishing expeditions") in the hopes of developing an ambiguously pleaded claim. For example, mounting a successful *Monell* claim is, candidly, quite difficult. To date, the Court had *never* allowed a *Monell* claim to continue past summary judgment. The Court does not mean to prejudge that claim in this case. But it

---

[11] The Court recognizes that Defendants did not ask for deferral of Martinez's Motion for Partial Summary Judgment. That said, many of the same arguments they make in opposition to that Motion are the same they make in support of their own Motion (to which Martinez has requested additional time). Thus, because many of the underlying questions are intertwined, the Court finds it most appropriate to deny both motions for the time being.

also does not want to endorse the idea that every claim in every case *must* go to discovery simply because a party requests Rule 56(d) relief. The Court has recently denied requests for Rule 56(d) relief,[12] or granted only partial relief.[13] The reason the Court is granting the request in full in this case is because the underlying Fourth Amendment questions affect not only the Fourth Amendment causes of action, but the outcome of Martinez's other claims as well. Thus, discovery on the Fourth Amendment issues—regarding all facts and circumstances known to Defendants prior to engaging with Martinez that gave rise to the arrest—are critical in deciding whether to grant summary judgment on any issue in this case.

## V. CONCLUSION

In resolving the various Motions for Summary Judgment, the Court will be asked to determine whether Defendants violated Martinez's Forth Amendment rights and whether Defendants are entitled to qualified immunity. While the parties argue for, or against, such findings in their present motions, they do so with limited discovery.[14] The Court has determined that both parties' motions are premature. Martinez has adequately explained how discovery could produce evidence necessary to oppose Defendants' Motion for Summary Judgment. And while Defendants did not affirmatory ask for more discovery to respond to Martinez's Motion, the Court finds it would be helpful.

---

[12] *See, e.g., Schnuerle v. San Joaquin Valley Coll., Inc.*, 2024 WL 185278, *5 (D. Idaho Jan. 16, 2024).

[13] *See, e.g., Walker v. Wolf*, 2023 WL 7924474, *4 (D. Idaho Nov. 16, 2023).

[14] To the Court's knowledge, none of the named parties in this case have been deposed as of today. Setting aside any other witnesses and/or discovery, it seems critical to obtain record evidence from the parties in preparation for making a decision on these critical questions.

To be clear, the Court's denial of Martinez's Motion for Partial Summary Judgment is not an affirmative granting of summary judgment to Defendants on the issue of qualified immunity. Nor is the Court's denial of Defendants' motion a victory for Martinez. The Court is denying both motions as a procedural mechanism subject to later refiling and a final decision. And, while the Court could simply hold both motions in abeyance until after discovery and request supplemental briefs, it finds it would be more economical for the parties to resubmit their briefs on these issues.[15]

## VI. ORDER

IT IS HEREBY ORDERED THAT:

1. Martinez's Motion to Deny or Defer (Dkt. 16) is GRANTED.

2. Martinez's Motion for Partial Summary Judgment (Dkt. 9) and Defendants' Motion for Summary Judgment (Dkt. 12) are DENIED without prejudice and subject to refiling once discovery is complete.

DATED: April 22, 2024

_____
David C. Nye
Chief U.S. District Court Judge

---

[15] And if those briefs are largely similar to the prior briefs, so be it. But the Court does not want to sift through multiple briefs, filed months apart, that contain differing levels of discovery and testimony. Thus, it will begin briefing anew once discovery is complete and the parties can address all issues. Should both parties wish to file motions for summary judgment (e.g. cross-motions) they should reach out to the Court's law clerk to coordinate a combined briefing schedule as outlined on the Court's website. *See* https://id.uscourts.gov/district/judges/nye/Motion_Practice.cfm ("Cross Motions for Summary Judgment").