UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL ANDREW MARTINEZ,<br><br>    Plaintiff,<br><br>v.<br><br>SAGE ALBRIGHT, BRANDON ANDERSON, and the CITY OF IDAHO FALLS,<br><br>    Defendants. | Case No. 4:23-cv-00211-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Defendants Sage Albright, Brandon Anderson, and the City of Idaho Falls's (collectively "Defendants") Motion to Modify Scheduling Order. Dkt. 26. Plaintiff Michael Martinez opposes the motion. Dkt. 27.

Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds the decisional process would not be significantly aided by oral argument, the Court will address the motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). Additionally, the Court will not wait for Defendant's reply brief. The Court has the parties' positions before it and there is no need to delay things further.

For the reasons outlined below, the Court GRANTS Defendants' Motion and extends the deadlines.

MEMORANDUM DECISION AND ORDER - 1

## II. BACKGROUND

On May 17, 2023, Martinez filed his Complaint alleging five causes of action. *See generally* Dkt. 4. On June 22, 2024, Defendants filed an Answer. Dkt. 6. The next day the Court issued its standard litigation order and notice of telephonic scheduling conference. Dkt. 8. The following day, Martinez filed a Motion for Partial Summary Judgment. Dkt. 9. Defendants filed their own Motion for Summary Judgment a few weeks later. Dkt. 12. The parties then submitted separate discovery and litigation plans. Dkts. 13, 14. The Court held an informal conference to iron out the parties' disagreements. Martinez then filed his Motion to Defer under Federal Rule of Civil Procedure 56, claiming he needs discovery to properly respond to Defendants' Motion for Summary Judgment. Dkt. 16. The parties then submitted new agreed-upon litigation and discovery plans. Dkts. 17, 18.

The three inter-related motions became ripe on August 30, 2023. The Court then entered a scheduling order on September 15, 2023. Dkt. 21. Among other deadlines, discovery was scheduled to close on May 17, 2024. *See generally id*.

Neither party took additional formal action until March 11, 2024, when Martinez sought an extension of his expert disclosure deadline (Dkt. 22) to which Defendants stipulated (Dkt. 23).

The Court issued its decision on the pending Motions on April 22, 2024, roughly eight months after the matters were fully briefed and a less than one month before fact discovery was set to close. Dkt. 25. In its Decision, the Court denied both motions for summary judgment as premature and granted Martinez's motion to defer in order to allow discovery. *See generally id*.

MEMORANDUM DECISION AND ORDER - 2

Roughly two weeks later, Defendants sought an extension of the existing scheduling order to accommodate the recently ordered discovery. Dkt. 26. Martinez opposed the Motion. Dkt. 27.

### III. LEGAL STANDARD

Once entered, a scheduling order "controls the course of the action unless the court modifies it." Fed. R. Civ. P. 16(e). A scheduling order "may be modified only for good cause and with the judge's consent." *Id.* at 16(b)(4). A district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16 advisory committee's note to 1983 amendment.

The focus of the inquiry, therefore, is upon the moving party's reasons for seeking modification. *C.F. v. Capistrano Unified Sch. Dist.* 654 F.3d 975, 984 (9th Cir. 2011) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992)); *T. Dorfman, Inc. v. Melaleuca, Inc.*, 2013 WL 5676808, at *2 (D. Idaho October 18, 2013) ("[G]ood cause for an extension exists if a party cannot reasonably meet the pretrial schedule despite exercising due diligence.").

"[D]istrict judges have broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16." *Avila v. Willits Env't Remediation Tr.*, 633 F.3d 828, 833 (9th Cir. 2011).

### IV. ANALYSIS

Candidly, the Court is surprised that Martinez opposes Defendants' Motion. As the Court noted no less that fifteen times in its recent decision, discovery was needed "*for both parties* to develop their arguments." *Martinez v. Albright*, 2024 WL 1746050, at *3 n.9 (D.

Idaho Apr. 22, 2024) (emphasis in original). The Court also explained it was aware that while some limited discovery had occurred since the filing of the motions, to its knowledge, much was still outstanding (including depositions of the named parties). *Id*. at *3, *5 n.14. Lest it go unmentioned, that was the whole point of Martinez's motion in the first instance—to pursue discovery to adequately respond to Defendants' Motion for Summary Judgment.

Martinez claims he engaged in discovery during the eight months from when the Motions became ripe, and the Court issued its decision. He argues Defendants could have done likewise, but instead, they "gambled that they would prevail on their [] motion for summary judgment and defeat [Martinez's Motions] . . . hoping the Court would obviate any need for them to conduct discovery." Dkt. 27, at 3. Martinez argues Defendants' "gamble did not pay off" and now they are stuck with their choice of not engaging in discovery. *Id.* Martinez reasons that, at the very least, Defendants should have moved for a stay of discovery while awaiting the Court's decision on the pending motions. *Id*. at 6–8.

First, Defendants' position that they did not want to engage in discovery while their motion was pending is reasonable. The Court is a proponent of Rule 1 and the mandate that "the court and the parties" should endeavor to "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. As will be illustrated below, sometimes the expeditious thing to do is continue with discovery. But ofttimes, it is more economical to pause further action—e.g. discovery, briefing, motions—while other matters are resolved.

Second, Defendants were not required to seek a stay of discovery in order to take

MEMORANDUM DECISION AND ORDER - 4

the position that they did not want to engage in discovery. They *could have* so moved. And had they, the Court likely would have granted the same. It has done so in the past when formally asked to do so. *See, e.g., Snake River Waterkeeper v. J.R. Simplot Co.*, 2023 WL 5748152, at *6 (D. Idaho Sept. 6, 2023) (finding it appropriate to "stay discovery while the Court resolves the issue of subject matter jurisdiction" and staying matters would "promote economy of time and effort for itself, for counsel, and for the parties . . ."); *J.R. Simplot Co. v. McCain Foods USA, Inc.*, 2019 WL 6315522, at *2 (D. Idaho Nov. 25, 2019) (staying discovery, explaining that "[h]olding off on discovery . . . will conserve resources and potentially avoid disputes and other motion practice").

The Court does not know why Defendants did not seek a stay of discovery. After all, they agreed to a litigation plan *after* filing their motion for summary judgment. This seems to suggest Defendants knew some discovery would be necessary. Regardless, the real issue—and likely why Defendants did not seek a stay—was timing. Defendants (and Martinez) had no way of knowing what the Court's timing would be in adjudicating the prior motions. In other words, had the Court adjudicated the motions sooner, ample time for discovery would have remained before the deadlines expired, eliminating any need for a stay.

Finally, the "failure" to ask for a stay of discovery is not dispositive of whether an extension is warranted and was pursued in good faith. Simply put, the Court has parties "hold off" on discovery quite frequently in order to keep matters organized. As noted, sometimes a formal motion to stay is filed. In other circumstances, however, the request has come before the Court as a Motion to Vacate the Scheduling Conference itself. In

MEMORANDUM DECISION AND ORDER - 5

*Borjas v. Idaho Central Credit Union,* the Court explained why this scenario is sometimes difficult. Overlapping briefing and scheduling deadlines can create issues for both the Court and Counsel. In that case, the Court explained that its primary concern was that of "duplicative or unnecessary work." Case No. 4:20-cv-00065-DCN, Dkt. 27, at 3. It reviewed Rule 1, noted it could not predict how it would rule on the pending motion, but that "whatever the outcome of that motion [], it *could* affect the posture of this case in various ways" including "the scope and timing of scheduling and discovery. Thus, prudence dictates that the Court address the Motion to Dismiss before the parties determine the scope, duration, and details of any discovery." *Id*. at 3–4.

Still other times, Counsel in a case have simply emailed the Court's law clerk requesting an order holding discovery (or motion practice) in abeyance pending the resolution of another event.

In sum, the Court has considerable discretion to control its docket. *M.M. v. Lafayette Sch. Dist.*, 681 F.3d 1082, 1091 (9th Cir. 2012). In fact, in a similar case as the present matter—and with the same counsel as here—the Court explained that sometimes it stays discovery pending the resolution of qualified immunity; other times it does not. *See Thomas v. Cassia Cnty.,* 2018 WL 2224052, at *4 (D. Idaho May 15, 2018). Notably, however, the Court explained in that case that "as the Supreme Court has explained, if a defendant does not prevail on a motion to dismiss based on qualified immunity, "discovery may be necessary before [defendant's] motion for summary judgment on qualified immunity grounds can be resolved." *Id*.

That is exactly what needs to happen here. Discovery is necessary to flesh out

MEMORANDUM DECISION AND ORDER - 6

whether qualified immunity applies.

The Court does not see Defendants' decision to not engage in discovery *while waiting to see if discovery was even going to be allowed* as a lack of diligence or any type of malfeasance on their part. Maybe it would have been better to formally move for a stay of discovery, but Defendant's failure to do so does not preclude them from asking for an extension here.

The Court finds Martinez's criticisms of Defendants' actions unavailing. It was reasonable, economical, and understandable that they chose not to engage in discovery pending the Court's order. And again, had the Court been able to adjudicate the disagreements faster, there would have been adequate time for discovery prior to the deadline's expiration. That is not Defendant's fault (or Martinez's fault); it is simply a reality in a busy district.

Here, the Court *ordered* the parties to engage in discovery. It fully expected the parties to ask for the deadlines to be extended to accommodate that holding. That Martinez does not think further discovery is necessary is his right. But from the time the Court's decision issued to the close of discovery was less than one month. An extension of roughly four and a half months to the existing deadlines will not be unduly prejudicial to Martinez and will serve the purpose Martinez sought in the first instance—to flesh out the critical dispute regarding qualified immunity and his Fourth Amendment rights.

Defendants have shown good cause for their motion and the same will be GRANTED.

## V. ORDER

IT IS HEREBY ORDERED THAT:

1. Defendants' Motion to Modify Scheduling Order (Dkt. 26) is GRANTED. The deadlines outlined therein shall govern this case moving forward.

DATED: May 31, 2024

_____
David C. Nye
Chief U.S. District Court Judge