UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL ANDREW MARTINEZ,<br><br>    Plaintiff,<br><br>v.<br><br>SAGE ALBRIGHT, BRANDON ANDERSON, and the CITY OF IDAHO FALLS,<br><br>    Defendants. | Case No. 4:23-cv-00211-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

# I. INTRODUCTION

Before the Court is Plaintiff Michael Martinez's Motion to Withdraw Admissions. Dkt. 31. Defendants Sage Albright, Brandon Anderson, and the City of Idaho Falls (collectively "Defendants") opposed the motion. Dkt. 32. Martinez did not reply.

Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds the decisional process would not be significantly aided by oral argument, the Court will address the motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). Upon review, and for the reasons outlined below, Martinez's Motion is GRANTED in PART and DENIED in PART.

# II. BACKGROUND

On May 17, 2023, Martinez filed his Complaint, alleging five causes of action. *See generally* Dkt. 4. Both parties filed early motions for summary judgment. Dkts. 9, 12. The

Court ultimately denied those motions, indicating discovery needed to take place before it could rule on the questions presented. *See generally* Dkt. 24. The Court then approved a new scheduling order. Dkt. 30. That order was entered on May 31, 2024. *Id*.

A week later, on June 6, 2024, Defendants served Plaintiff via email with "Defendants' First Set of Discovery to Plaintiff." Dkt. 31-1, at 6–14. Consistent with the rules, Defendants told Martinez he had 30 days to respond. *Id*. at 6. *See also* Fed. R. Civ. P. 33(b)(2); 34(b)(2)(A); 36(a)(3). However, July 8, 2024—the due date for responses—came and went without any communication from Martinez.

On August 2, 2024, counsel for Defendants emailed counsel for Martinez, noting the responses were overdue.[1] Martinez's counsel responded that he was out of town but would look into the matter and reach out the following day. *Id*. at 21. The following day came and went without any communication from Martinez's counsel. Six days later, on August 8, 2024, counsel for Defendants sent a follow-up email. *Id*. at 20. Martinez's counsel did not respond.

On August 12, 2024, defense counsel sent another inquiry. *Id*. Martinez's counsel responded on August 13, 2024, that he had been out of town and would return in a "couple of days." *Id*. at 19. As part of this email exchange, Martinez's counsel asked for a 14-day extension of time to respond to Defendants' discovery requests. *Id*. The Defense counsel who had been emailing with Martinez's counsel noted he was not authorized to approve or

---

[1] Martinez's counsel claims this is the first time he became aware Defendants had even sent discovery requests because Defendants did not copy his paralegal on their original email. However, as explained below, there is no requirement that a paralegal be copied with an email that went to the lead attorney's email address.

MEMORANDUM DECISION AND ORDER - 2

reject such a request and that Martinez's counsel would need to speak with more senior defense counsel. *Id*. at 18.

Another ten days passed.

On August 23, 2024, Defense counsel contacted Martinez's counsel again, noted he still had not seen any discovery responses, and that no request for extension had been sought with senior defense counsel. *Id*. at 18. Martinez's counsel responded that, "because you are in the same firm I understood you would pass my request along,"[2] and that he would get responses over to counsel "ASAP." *Id.* at 17.

Five days later, on August 28, 2024, Martinez's counsel emailed Defendants and indicated he had located the discovery (seeing the discovery requests for the "first time that morning"). *Id*. at 16. He asked for another extension. *Id*. Senior Defense counsel denied the request. *Id*. Notwithstanding, Martinez's counsel prepared and served responses to Defendants' discovery the next day on August 29, 2024.

On September 4, 2024, Martinez filed the instant Motion to Withdraw Admissions, asking that the Court allow him to withdraw those requests for admissions obtained by default and accept his latent responses. Dkt. 31. Defendants object to the request on multiple grounds.

///

---

[2] The Court hates to get in the weeds, but Martinez's counsel's reasoning here does not make sense. In response to the prior request for an extension, defense counsel stated (quoting in full): "Discovery extensions are beyond the scope of my authority. Please discuss with Sam or Blake." *Id*. at 18. There is no indication this attorney would be passing Martinez's counsel's request along. Rather, he clearly indicated Martinez's counsel would need to discuss the request with other attorneys. It is this imprecise and lackadaisical approach that concerns the Court.

MEMORANDUM DECISION AND ORDER - 3

## III. DISCUSSION

### A. Form of Martinez's Motion

First, Defendants note that Martinez's filing does not conform with local rules. Dkt. 32, at 2. They are correct. Local Civil Rule 7.1 outlines that any motion—unless uncontested—must be "accompanied by a separate brief . . . containing all of the reasons and points and authorities relied upon by the moving party." Dist. Idaho Loc. Civ. R. 7.1(b)(1).

Here, Martinez's Motion is a single paragraph. Dkt. 31. There is no accompanying brief. As far as any "reasons or points of authority," the Motion itself simply states it is based "on the grounds and for the reasons that the requested withdrawal would promote the presentation of the merits of this action, and the defendants cannot meet their burden of proving that withdrawal would prejudice the defendants in maintaining or defending the action on the merits." Dkt. 31, at 1.

Martinez's counsel did, however, attach a three-page declaration to his Motion. Dkt. 31-1, at 1–3. Therein, in addition to outlining the relevant background and explaining why the responses were late, counsel cites cases and makes argument. This format is not appropriate. *See United States v. Hinkson*, 2005 WL 8159891, at *1 (D. Idaho Mar. 24, 2005) (explaining that "an affidavit is a voluntary declaration of facts, not an unlimited forum for an attorney to discuss the merits of his case . . . ." (cleaned up)).

All in all, the lack of a supporting brief as required by local rule and a declaration that goes beyond the scope and purpose of such a document is concerning to the Court and weighs in favor of denying the relief sought.

B. **Substance of Martinez's Motion**

Beyond the organizational deficiencies in Martinez's Motion, the Court is more concerned with the reasons given for the delay and the apparent lack of diligence on the part of Martinez's counsel.

First, Martinez's counsel claims he never knew about the discovery requests because "unfortunately, the defendants did not copy my paralegal with the email . . . ." Dkt. 31-1, at 1. There is no rule or procedure requiring that counsel copy a paralegal when sending discovery requests (or anything else for that matter). The Court is, of course, aware of attorneys who ask that their paralegal or secretary be copied on communications for organizational purposes. That is fine. But that does not absolve the attorney *who is the legal representative of the client* from keeping track of the case.³

Second, the Court takes issue with Martinez's position that Defendants "buried" their requests for admissions in their discovery requests and that requests for admissions are not typically included as part of discovery requests in the first place. Dkt. 31-1, at 2. To begin, Defendants have three sections in their document which are labeled in bold and underlined: (1) interrogatories, (2) requests for production of documents, and (3) requests for admission. Each individual request is also bolded and underlined. *See generally* Dkt. 31-1, at 6–13. This can hardly qualify as being "buried." What's more, the Court has seen hundreds of discovery requests during its tenure and can confirm that the inclusion of requests for admissions in discovery requests are not as rare as Martinez suggests.

---

³ After all, it is a supervisory attorney's professional responsibility to be responsible for their paralegal's work. Idaho Rules of Professional Conduct 5.3, Comment 2.

MEMORANDUM DECISION AND ORDER - 5

Regardless, the point is not really what was or was not included in the document, but why Martinez's counsel did not see the document in the first place and why it took him so long to coordinate with Defense counsel on this important issue. Which brings the Court to its third and final point.

The Court is not indifferent to busy schedules, family emergencies, technological problems, or other reasonable issues that result in delays. That said, such is life. And in this case, there were *repeated* attempts by Defense counsel to communicate with Martinez's counsel *and repeated promises*[4] by Martinez's counsel to look into the matter—but the promises went unfulfilled.

The bottom line is that rules and deadlines must be followed. And while there are times when extensions are justified[5] or failures can be set aside, this does not appear to be one of those circumstances. The sole reason Martinez's counsel failed to respond to Defendants' discovery requests is because he was not diligent in checking his email.

The Court recently refused to set aside a final judgment in a case where counsel claimed to not have had any email notice of the applicable deadline. The Court found the

---

[4] On August 2, 2024, Martinez's counsel said: "I will review my file and reach out to you tomorrow." Dkt. 31-1, at 21. Six days later, he still had not reached out. On August 13, 2024, Martinez's counsel indicated he would not be back in town "for another couple days." *Id*. at 19. Another ten days later, Martinez's counsel still had not reached out or responded to any discovery. And on August 23, 2024, Martinez's counsel indicated he would respond "ASAP." *Id*. at 17. It was ultimately not until August 28, 2024—almost three months after Defendants served the discovery on Martinez and almost two months after responses were due—that it even appears Martinez's counsel looked for the discovery requests.

[5] Under Federal Rule of Civil Procedure 29, parties can stipulate to different deadlines, or the Court can order a new deadline. Parties frequently agree to different deadlines or grant each other extensions. The Court is also aware that parties miss deadlines on occasion without consequence. These observations do not change the outcome here today. Martinez's counsel missed the deadline. Defendants tried to reach out to get responses on at least four occasions, but it took almost one month of communications before they received those responses. That they were then unwilling to grant an extension is their prerogative.

MEMORANDUM DECISION AND ORDER - 6

evidence belied his explanation and that it was his affirmative duty to keep track of all deadlines. *See Trappett v. Clearwater Cnty.*, 2024 WL 1975682, at *3 (D. Idaho May 3, 2024). A similar logic applies here. Attorneys have a duty to review all emails, discovery, deadlines, and matters associated with their cases. At the time Defendants served these discovery requests, this case was in the middle of discovery. Depositions were being taken and materials were changing hands. Why Martinez's counsel chose not to read Defendant's email mystifies the Court. But it should not have come as a surprise that Defendants were sending discovery requests.[6]

The above analysis notwithstanding, the Court must briefly review the standard for evaluating a formal request to withdraw admissions. In the District of Idaho, "a two-part test must be satisfied prior to permitting an admission to be withdrawn or amended: (1) presentation of the merits of the action must be subserved, and (2) the party who obtained the admission must not be prejudiced by the withdrawal." *Ada Cnty. Highway Dist. v. Rhythm Eng'g, LLC*, 2017 WL 1502791, at *3 (D. Idaho Apr. 25, 2017) (cleaned up).

As for the first prong, Martinez claims the Court will better reach the merits if he is allowed to withdraw the admissions obtained by default. But this is not entirely true. Defendants propounded eleven requests for admissions. Dkt. 31-1, at 12–13. Some are simple factual admissions (the time of a 911 call for example); others, however, do go to

---

[6] The Court makes the following note delicately and with respect: this is not the first time the Court has provided guidance, correction, or mild reproval to Martinez's counsel. The Court understands Martinez's counsel is a solo practitioner, but the Court is concerned counsel may need additional resources (e.g. staff) to keep up with his caseload and duties. The Court recently had to remind Martinez's counsel in another matter about a scheduled call. There have been small snafus and gentle reminders in other cases as well. The Court's point is that Martinez's counsel is an experienced and zealous advocate for his clients. But he needs to stay organized in order to avoid situations like those present here (and described above).

MEMORANDUM DECISION AND ORDER - 7

the merits of Martinez's causes of action. Thus, were the Court to deny Martinez's request outright, some of the merits-based arguments in this case would become essentially foregone conclusions. This cuts in favor of Martinez.

As for the second prong, Defendants could likely be prejudiced if the Court allows Martinez to withdraw the admissions at this point. Martinez filed this motion on September 9, 2024. Defendants responded on September 25, 2024. Discovery closed on October 2, 2024. Thus, were the Court to allow Martinez to withdraw his admissions at this stage, Defendants would have no opportunity to conduct discovery on those issues. Defendants sent these requests to Plaintiffs four months before the close of discovery. They should not be prejudiced now because Martinez's counsel did not exercise due care in finding and responding to their requests. This cuts in favor of Defendants.

In weighing the completing arguments, the Court finds that, were it to deny withdrawal of the more substantive admissions, such would thwart the resolution of this case on the merits. *See Gallegos v. City of Los Angeles*, 308 F.3d 987, 993 (9th Cir. 2002).[7] This is a fact-intensive case. The claims are important, and the stakes are high. That was the whole reason the Court denied the parties' early-filed motions for summary judgment; it wanted discovery to flesh out these important, constitutional issues. Admissions 9, 10, and 11 hearken to those same issues. Thus, the Court will allow these three admissions to

---

[7] The Court reaches this conclusion because such is just and accurate. Notably, Martinez's counsel predicted this outcome—at least in part. *See* Dkt. 31-1, at 16 (Martinez's counsel's noting in one email that Defendants should grant him an extension because if he had to litigate the matter, it would "most likely result in an order granting me relief"). While Martinez's counsel's supposition on what the Court would do if presented with the issue was correct, it goes without saying that attorneys should not shirk their duties with the mindset that the Court will save them in the end.

MEMORANDUM DECISION AND ORDER - 8

be withdrawn because not doing so make it difficult to decide the case on the merits.

In sum, the Court will DENY Martinez's Motion as it relates to Requests for Admissions 1, 2, 3, 4, 5, 6, 7, and 8. Those are deemed admitted. The Motion is, however, GRANTED with respect to Admissions 9, 10, and 11. Those admissions are deemed withdrawn.

### IV. CONCLUSION

Martinez's counsel did not file this motion correctly. And the Court is not persuaded by Martinez's counsel's justifications for his belated responses. However, the Court always strives to reach the merits of every action. But doing so here is somewhat prejudicial to Defendants because discovery has closed, and summary judgment briefing is already underway.[8]

Thus, Defendants have two options at this point. First, they could move to reopen discovery on the limited topics raised in Requests for Admission 9, 10, and 11. The Court would likely grant such a motion. Alternatively, if Defendants elect to simply move forward, the Court will entertain a motion for fees related to the time spent tracking down Martinez's absent responses and responding to the Motion to Withdraw Admissions (Dkt. 32). Even though Defendants did not wholesale "win" this dispute, it never should have reached this point in the first place.

---

[8] There is, unfortunately, a discovery dispute related to that Motion as well which has held the matter temporarily in abeyance. *See* Dkts. 34–37.

## V. ORDER

IT IS HEREBY ORDERED THAT:

1. Martinez's Motion to Withdraw Admissions (Dkt. 31) is GRANTED in PART and DENIED in PART as outlined above.

DATED: November 26, 2024

_____
David C. Nye
Chief U.S. District Court Judge